FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2014 OCT 24 PM 1:02
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| WARREN ADAM TAYLOR, | * | |
| Plaintiff, | * | |
| v. | * | CV 114-049 |
| UNITED STATES POSTAL SERVICE and PATRICK R. DONAHOE, | * | |
| Defendants. | * | |

# O R D E R

Before the Court is Defendants' motion to dismiss (doc. no. 12) Plaintiff's claim seeking compensation from the United States Postal Service for an employee suggestion he submitted and the Postal Service adopted. For the reasons stated herein, Defendants' motion is **GRANTED**.

## I. BACKGROUND

Plaintiff, a former employee of the United States Postal Service ("U.S.P.S." or "Postal Service"), submitted to the Post Office in Maryland in 1994, where he then worked, a suggestion pursuant to the Postal Service's Employee Suggestion Program. (Compl. § III.)

Plaintiff suggested a color coding scheme for processing

mail where each day of the week was represented by a different color. (Id.) The Postal Service adopted Plaintiff's suggestion, issued him a certificate and letter acknowledging his contribution to the efficiency of the Postal Service, informed him that the letter and certificate would become part of his Official Personnel Folder, but did not award him any money. (Id. §§ III, IV & Exs. D & E.)

Nineteen years later, Plaintiff attempted to retrieve a copy of his letter and certificate from the Postal Service's National Personnel Records Center but the Records Center was unable to locate the documents. (Id. § III.) Responding to a Congressional inquiry in 2013, U.S.P.S. explained to Plaintiff's U.S. Congressman that the retention time for such records is four years and therefore it is doubtful that records of his constituent's 1994 suggestion still exist. (Compl. Ex. B.) The agency explained further that there does not appear to be any basis for compensating Plaintiff for his color coding suggestion. (Id.)

Proceeding pro se, Plaintiff sought relief in this Court on February 18, 2014. He complains that his letter and certificate are not in his personnel file and seeks compensation for his suggestion.[1] As for the latter, Plaintiff

---

[1] The record reflects that Plaintiff has a copy of the certificate and the letter. (Compl. Exs. D & E.) It is clear, therefore, that Plaintiff's primary concern here is money.

2

> seeks his share of the equitable saving generated by the U.S.P.S. implementing his idea over the past twenty (20) years, since 1994 to the present with royalties effective immediately not less than 7 percent of the differences of savings over the past twenty (20) years of usage of my beneficial suggestion between 1994 and 2014, concerning the U.S.P.S. time sensitive customers accurate delivery date(S).

(Compl. § IV.) In the civil cover sheet attached to his complaint, Plaintiff asserts that this Court has subject matter jurisdiction pursuant to 39 U.S.C. § 1208(b), which governs lawsuits relating to employee-management agreements within the Postal Service, and the Contract Disputes Act of 1978, 41 U.S.C. § 601 ("CDA").

Defendants move to dismiss Plaintiff's claim because he has not exhausted administrative remedies. Defendants also move to dismiss Plaintiff's claim on the grounds that this Court lacks subject matter jurisdiction, arguing that this claim falls under the CDA, and thus, the United States Court of Federal Claims has exclusive jurisdiction over the case.

Defendants acknowledge that the Eleventh Circuit has not addressed the question of subject matter jurisdiction over claims brought by Postal Service employees under the U.S.P.S. Employee Suggestion Program, but cite <u>Hayes v. United States Postal Service</u>, 859 F.2d 354 (5th Cir. 1988)(concluding that the United States Court of Federal Claims has exclusive jurisdiction over a U.S.P.S. employee action against U.S.P.S.

for additional compensation for a suggestion adopted pursuant to the U.S.P.S. Employee Suggestion Program) to support their position.

## II. DISCUSSION

Defendants correctly note that the Eleventh Circuit, like nearly every other circuit, has not yet had an opportunity to address the question of whether a district court has subject matter jurisdiction over an employee's challenge to a U.S.P.S. decision under the Employee Suggestion Program or whether such disputes may only be resolved in the United States Court of Federal Claims.

The <u>Hayes</u> litigation is instructive. Hayes, an employee of the Postal Service, filed suit in the United States District Court for the Eastern District of Louisiana against the Postal Service and the United States contending that he was entitled to compensation for a suggestion he submitted pursuant to the U.S.P.S. Employee Suggestion Program. <u>Hayes</u>, 859 F.2d at 356-57. On the government's motion, the district court dismissed the suit for lack of subject matter jurisdiction. The Court of Appeals for the Fifth Circuit affirmed and noted that, "[i]f appellant has a valid claim, it must be pursued under the CDA and only in the U.S. Court of Claims." <u>Id.</u>

Hayes then filed suit in the United States Claims Court, now known as the United States Court of Federal Claims. Hayes v. United States, 20 Cl.Ct. 150 (1990). The government again moved to dismiss the suit for lack of subject matter jurisdiction. Id. at 152. The court granted the government's motion, and stated that "[t]he Fifth Circuit's conclusion to the contrary is simply in error." Id.

The United States Court of Appeals for the Federal Circuit affirmed but on different grounds. Hayes, 1991 WL 16441 at *2 (Fed. Cir. 1991). The court found it unnecessary to consider the subject matter jurisdiction question, since a nonjurisdictional ground supported the lower court's judgment dismissing the suit. Id. Specifically, the court noted that Hayes had not indicated that he had exhausted his administrative remedies and that, even if he had, any decision rendered by U.S.P.S. would be final. Id. Such decisions on awards are purely a management function and are not subject to the formal grievance procedures. Id.

In the instant case, the Court adopts the approach taken by the Court of Appeals for the Federal Circuit. There is no need to decide whether the Fifth Circuit or the United States Court of Federal Claims is correct on the issue of subject matter jurisdiction because Plaintiff has not indicated that he complied with the U.S.P.S. procedure for reevaluation. Even

5

if he had, the U.S.P.S. decision upon reevaluation would be final such that he may not seek relief in a district court or the United States Court of Federal Claims. This Court simply does not have jurisdiction over this matter.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (doc. no. 12) is hereby **GRANTED**. The Clerk is directed to **TERMINATE** all motions and deadlines and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of October, 2014.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```